IH-32 Rev: 2014-1

# United States District Court
for the
## Southern District of New York
### Related Case Statement

**Full Caption of Later Filed Case:**

trueEX LLC

| Plaintiff | Case Number |
|---|---|
| vs. | 18-cv-5361 |
| Bank of America Corporation, et al. | |
| Defendant | |

**Full Caption of Earlier Filed Case:**

(including in bankruptcy appeals the relevant adversary proceeding)

In re Interest Rate Swaps Antitrust Litigation

| Plaintiff | Case Number |
|---|---|
| vs. | 16-md-2704 |
| Defendant | |

IH-32                                                                                                                                    Rev: 2014-1

Status of Earlier Filed Case:

☐ Closed    (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open      (If so, set forth procedural status and summarize any court rulings.)

On July 28, 2017, the Court issued an opinion and order granting in part and denying in part defendants' motions to dismiss the claims of two groups of plaintiffs—(i) a putative class of investors who bought and sold interest rate swaps ("IRS"), and (ii) two trading platforms for IRS, Javelin Capital Markets, LLC ("Javelin") and Tera Group, Inc., Tera Advanced Technologies, LLC, and TeraExchange, LLC ("Tera")—brought primarily under the antitrust laws, asserting an unlawful collusion by banks who were major dealers in the market for IRS. The Court denied defendants' motions to dismiss plaintiffs' Sherman Act § 1 conspiracy claims related to the period 2013-2016, finding that plaintiffs plausibly alleged a § 1 conspiracy among the dealer defendants to boycott three platforms: Javelin's and Tera's, as well as non-party trueEX's. The Court also denied defendants' motion to dismiss Javelin's and Tera's Donnelly Act claims, but limited the claims to the period 2013-2016. The Court granted defendants' motion to dismiss plaintiffs' Sherman Act § 1 conspiracy claims related to the period 2008-2012, and also Javelin's and Tera's claims for tortious interference with business relations and unjust enrichment. The Court also denied the defendants' motion to dismiss the class plaintiffs' claims of unjust enrichment, but limited these claims to the period 2013-2016. Finally, the Court granted the motions to dismiss all claims against defendants HSBC, ICAP, and Tradeweb, but denied all other motions to dismiss. The remaining parties are currently in fact discovery, including documents concerning non-party trueEX, with fact discovery ordered to be completed by February 8, 2019.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

This case, trueEX LLC v. Bank of America Corporation, et al., (S.D.N.Y. filed June 14, 2018) (the "trueEX Action") and the cases consolidated into In re Interest Rate Swaps Antitrust Litigation, No. 16-md-2704 (PAE) (S.D.N.Y. consolidated June 3, 2016) are rooted in the same basic alleged facts and legal theories, and involve claims against the same Defendants. All cases concern the Defendants' conspiracy to control the IRS market. In all cases, plaintiffs allege that the Defendants conspired to boycott and inhibit the emergence of three electronic trading platforms that threatened to erode the Dealers' profit margins on IRS trades: Javelin, Tera, and trueEX. The class plaintiffs in the IRS Antitrust Litigation are customers harmed by Defendants' conspiracy, while platform plaintiffs, Javelin and Tera, each operated a trading platform harmed by the Defendants' conspiracy, similar to the platform operated by Plaintiff in the trueEX Action. Indeed, the Court in the IRS Antitrust Litigation has already ruled that plaintiffs plausibly alleged a group-boycott conspiracy among Dealer Defendants between 2013 and 2016 aimed at the three new platforms (Javelin, Tera, and trueEX) and that such claims should proceed to discovery concerning all three platforms, clearly indicating the overlap between the cases.

The trueEX Action should be accepted as related to the IRS Antitrust Litigation because there is substantial factual overlap among the cases, each centers on Defendants' parallel conduct and communication and coordination with one another with respect to the IRS market and their conspiracy to boycott the new competitor platforms. Fact discovery in each case will involve many of the same specific documents and witnesses, including the Defendants' officers and representatives, and expert discovery likely will cover common subject matters. Treating the cases as related will minimize duplication of effort and expense for the Court, the witnesses, and the parties, and thereby serve the interests of justice and efficiency.

Accordingly, trueEX LLC respectfully submits that the trueEX Action and the IRS Antitrust Litigation should be treated as related pursuant to Rule 13 of the S.D.N.Y. Rules for the Division of Business Among District Judges.

Signature: /s/ William A. Maher                                     Date: 6/14/2018

Firm: Wollmuth Maher & Deutsch LLP