USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
IN RE:

INTEREST RATE SWAPS ANTITRUST LITIGATION

*This Document Relates to All Actions*
------------------------------------------------------------- X

16-MD-2704 (PAE)
16-MC-2704 (PAE)

ORDER NO. 35

PAUL A. ENGELMAYER, District Judge:

The Court has received the parties' joint letter of June 27, 2018 (Dkt. 414) regarding the integration of new plaintiff TrueEx into this two-year-old litigation. The Court regrets that the parties have been unable to reach agreement as to the outstanding issues regarding discovery and motions to dismiss, but appreciates that, given the number of stakeholders and the complexity and range of the issues presented, an agreement on the timetable by which the Court directed a joint submission may have been unrealistic.

The following order addresses what the Court understands to be the open issues. As to discovery, the Court expects that the following rulings and guidance will enable TrueEx and the defendants to reach resolution promptly on discovery parameters with no further need for Court intervention.

1. **Discovery**

It is a priority to keep this litigation on schedule and not delayed by the late-stage entry of a new plaintiff. The Court accordingly expects document production—both by TrueEx and defendants—to proceed expeditiously, such that all document discovery occasioned by TrueEx's entry into the case will have been completed by the end of July.

   a. **Discovery of TrueEx**

As to discovery of TrueEx, the parties dispute the number of custodians whose electronic records defendants are entitled to receive and the range of search terms that should govern these requests.

As to custodians, the Court's judgment is that a fair starting point for gauging the proper number of TrueEx custodians is the number of custodians from Javelin and Tera from whom electronic records were sought. The Court is, however, mindful, that, based on the allegations in this case, TrueEx has remained in business far longer than did either Javelin and Tera and that TrueEx's allegations cover a substantially longer period of time than do those of these other plaintiffs. Considering these factors, the Court's judgment is that it is appropriate to authorize electronic discovery by the defense of at least the number of custodians from whom electronic discovery was sought from either Javelin or Tera (whichever of Javelin and Tera had the greater number of custodians). Based on the defense's representations, such discovery was taken of 15 Javelin and 12 TrueEx custodians. The Court accordingly authorizes electronic discovery of 15 TrueEx custodians, as the number that the Court understands the defense to seek. Defendants are to designate these custodians by Friday, July 6, 2018, and such discovery is thereafter to proceed forthwith. While the Court expects that this number of custodians ought to prove sufficient, this ruling is without prejudice to the right of the defense to seek electronic discovery from a limited number of additional TrueEx custodians upon a showing of good cause.

As to search terms, the Court expects that the search terms agreed to with respect to Javelin and Tera are a proper starting point for the parties' negotiations. However, given TrueEx's longer tenure and the longer duration of its claims, it is reasonable to expect a somewhat more expanded set of search terms to be used as to TrueEx. The Court expects

counsel, consistent with these parameters, to be able to reach prompt agreement upon such terms with dispatch and without the need for further Court intervention.

### b. Discovery of Defendants

As to discovery of defendants, the parties' disputes concern the organizational charts to be supplied by defendants and the number of electronic custodians per defendant from whom TrueEx may seek discovery.

As to organizational charts, the Court directs each defendant to produce existing organizational charts for the relevant product and trading areas for the period covering January 1, 2017 through the date of the filing of TrueEx's complaint.[1] To facilitate the forward progress of discovery, these are to be produced by Tuesday, July 3, 2018.

As to electronic discovery, the Court is mindful that TrueEx has had separate dealings with defendants and that its claims cover an additional nearly 18 months not covered by Javelin's and Tera's claims. These facts merit additional electronic document discovery from defendants. At the same time, the Court is mindful that TrueEx is already privy to the electronic discovery produced to its co-plaintiffs Javelin and Tera from, as represented to the Court, more than 150 defense custodians. The Court is further mindful that TrueEx's late joinder—in the face of its presumed awareness of this litigation—is disruptive, particularly coming as it does on the brink of the deadline for substantial completion of document production.

Considering these factors, the Court will authorize plaintiffs to receive electronic discovery from five custodians from each of the 11 defendants. However, to reflect the inconvenience and discontinuities occasioned by TrueEx's late joinder, and to assure that

---

[1] To the extent organizational charts do not exist, the Court expects defendants to reasonably respond informally to plaintiffs' requests, as defendants have indicated they will.

TrueEx's requests are the product of discipline and genuine need, the Court—as anticipated on the June 21 call with counsel—will assess TrueEx part of the cost incurred by defendants of making these productions. Specifically, as to three of the five custodians per defendant, the defendant is to bear the full cost of document production. To the extent, however, that TrueEx seeks electronic document discovery from a fourth or fifth custodian of a particular defendant, the Court will direct TrueEx to compensate that defendant 50% of the fees and cost of obtaining, reviewing, and producing the new production from that custodian or custodians. To this end, the Court directs TrueEx specifically to designate, in writing, for each defendant which custodians are its initial three, as to whom all costs will be borne by the defendant. The Court further directs each defendant to specifically isolate and track the fees and costs incurred in connection with productions from a fourth or fifth custodian. This ruling is without prejudice to TrueEx's right, later in this litigation, to seek reconsideration of this ruling as to particular custodians.

To enable document production to move forward, the Court expects TrueEx to designate its custodians for each defendant by Friday, July 6, 2018, and such discovery is thereafter to proceed forthwith.

### 2. Motions to Dismiss

The Court sets the following schedule for motions to dismiss, aimed at enabling a prompt resolution of the anticipated motions.

Any motion to dismiss is to be filed within three weeks, *i.e.*, by July 19, 2018. Under Rule 15(a)(1)(B), a plaintiff has 21 days after the service of a motion under Rule 12(b) to amend the complaint once as a matter of course.

Accordingly, the Court notifies TrueEx that, in the event of a motion or motions to dismiss, it shall file any amended complaint by August 7, 2018. No further opportunities to amend will ordinarily be granted.

If TrueEx does amend, by August 28, 2018, defendants shall: (1) file an answer; (2) file a new motion or motions to dismiss; or (3) submit a letter to the Court, copying plaintiffs, stating that they rely on the previously filed motion(s) to dismiss. If defendants file new motion(s) to dismiss or rely on their previous motion(s), TrueEx's opposition(s) will be due 21 days thereafter, and defendants' replies, if any, will be due 14 days after that.

If TrueEx does not file an amended complaint, TrueEx's opposition to the motion(s) to dismiss shall be due on August 7, 2018, and defendants' replies will be due on August 21, 2018.

At the time any reply is filed, the moving party shall supply the Court with two courtesy copies of all motion papers by mailing or delivering them to the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York 10007.

SO ORDERED.

                                             *Paul A. Engelmayer*
                                             Paul A. Engelmayer
                                             United States District Judge

Dated: June 28, 2018
       New York, New York